IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GLEN EVANS and MARY JO EVANS,

                        Plaintiffs,

v.

CARRINGTON MORTGAGE SERVICES, LLC,

                        Defendant.

OPINION and ORDER

24-cv-553-jdp

---

    Glen and Mary Jo Evans, proceeding without counsel, bring claims for unlawful foreclosure, fraud and unconscionability, and improper assignment of note against their mortgage servicer, Carrington Mortgage Services, LLC. Although the Evanses have paid the entire filing fee, this court retains the inherent authority to screen all complaints to ensure that they state a claim for which relief may be afforded and are not frivolous or harassing. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). When screening a complaint brought by unrepresented plaintiffs, I construe the allegations generously, holding them to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

    There are several issues with the complaint, including the allegations of diversity of citizenship, the inclusion of claims that ask me to review and overturn a state court judgment, and insufficient factual allegations to support a plausible claim for relief. I will dismiss the complaint. Some of these problems may be fixable, so I will give the Evanses an opportunity to submit an amended complaint.

ALLEGATIONS OF FACT

The complaint is lengthy, repetitive, does not contain a clear chronology of events, and repeatedly combines factual allegations with boilerplate legal arguments, making it difficult to determine what facts the Evanses are alleging. I will do my best to present their allegations accurately.

In April 2020, the Evanses entered into a mortgage agreement with defendant Carrington Mortgage Services. The mortgage was backed by a lien on the Evanses' home in Watertown, Wisconsin. Shortly after the mortgage agreement was signed, Carrington Mortgage Services sold what the Evanses describe as the "Evans Intangible Obligation (the debt)" to the Government National Mortgage Association (Ginnie Mae). Ginnie Mae was never listed on any real estate documents related to the mortgage that were filed with the county. The Evanses made mortgage payments to Carrington Mortgage Services, which Carrington Mortgage Services then used in other transactions without telling the Evanses what they were doing. Carrington Mortgage Services lied to the Evanses about the "true nature" of the mortgage agreement that they signed, which harmed the Evanses by "clouding the title" on their home and causing them other unspecified damages.

Recently, Carrington Mortgage Services initiated foreclosure proceedings against the Evanses. The Evanses do not mention the case number for this action, but electronic state court records show that it was Jefferson County case no. 2024CV62. According to the state court records, a judgment for foreclosure was entered against the Evanses on August 7, 2024. Two days later, the Evanses filed this lawsuit.

2

ANALYSIS

The Evanses assert claims for unlawful foreclosure, fraud and unconscionability, and improper assignment of note. They assert that this court has jurisdiction under 28 U.S.C. § 1331 because this case involves issues of federal law and under 28 U.S.C. § 1332 because plaintiffs and defendants are citizens of different states and the amount in controversy is greater than $75,000.

Plaintiffs' allegations don't establish diversity jurisdiction under § 1332, because the Evanses haven't properly alleged that they and Carrington Mortgage Services are citizens of different states. The Evanses allege that they reside in Jefferson County, Wisconsin. But "[c]itizenship means domicile (the person's long-term plan for a state of habitation) rather than just current residence," so the Evanses cannot establish their citizenship for diversity purposes by stating where they reside. *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014). To allege their citizenship, they must say what state they are domiciled in; that is, in what state they intend to remain long-term. The Evanses have also not alleged Carrington Mortgage Services' citizenship. They say that Carrington Mortgage Services is a California-based corporation headquartered in Anaheim, California. But Carrington Mortgage Services is a limited liability company, so its citizenship is the citizenship of its members. *See Fellowes, Inc., v. Changzhou Xinrui Fellowes Office Equip. Co.*, 759 F.3d 787, 787–88 (7th Cir. 2014); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). The Evanses' complaint says nothing about the citizenship of the members of Carrington Mortgage Services. Because the complaint does not establish diversity of citizenship, the court lacks independent jurisdiction over plaintiffs' state-law fraud and contract claims.

3

The court also lacks jurisdiction over the Evanses' claims for unlawful foreclosure if they are asking the court to undo the state court's foreclosure judgment. Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to undo state court judgments. *Gilbank v. Wood Cnty. Dep't of Hum. Servs.*, 111 F.4th 754 (7th Cir. 2024).

This leaves the question whether the Evanses have alleged a plausible claim for relief under federal law that doesn't ask me to undo the state court judgment for foreclosure. The Evanses say in their complaint that they are asserting claims under federal law, but they don't say what those claims are. Nor can I discern any plausible federal claim in their allegations. The Evanses base their claims on allegations that the issuance of mortgage-backed securities guaranteed by Ginnie Mae somehow invalidated their mortgage and that by participating in federally regulated banking activities, Carrington Mortgage Services gave the Evanses something less than a valid loan and then lied to the Evanses about the "true nature" of the loan that they were receiving. These allegations do not support a claim for relief because they are frivolous. *Edwards v. Snyder*, 478 F.3d 827, 829 (7th Cir. 2007) (allegations are factually frivolous if they are "bizarre, irrational, or incredible") (citations omitted). I will not allow the Evanses to proceed on any federal law claims against Carrington Mortgage Services based on these allegations. These allegations would also almost certainly fail to state a state-law claim for fraud and breach of contract, because the Evanses do not say what exactly Carrington Mortgage Services lied to them about or what part of their contract was breached.

4

CONCLUSION

I will allow the Evanses to file an amended complaint that fixes the problems identified in this order. In drafting the amended complaint, the Evanses should remember to do the following:

- Properly allege the citizenship of both themselves and Carrington Mortgage Services as described in this order if they intend to rely on diversity as the basis for this court's jurisdiction.

- Using plain language, allege the facts of what Carrington Mortgage Services did to harm them.

- Omit legal arguments and other boilerplate legal language other than explaining what types of claims they wish to assert.

ORDER

IT IS ORDERED that:

1. Plaintiffs' complaint, Dkt. 1, is DISMISSED for lack of jurisdiction and failure to state a claim upon which relief may be granted.

2. Plaintiffs may have until December 12, 2024, to submit an amended complaint that corrects the problems identified in this order.

3. Plaintiffs must file their amended complaint on the court's non-prisoner complaint form, which the court will send them with this order. Plaintiffs must fill out the form completely. If plaintiffs require any additional space to allege their claims, they may submit no more than five supplemental pages.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If plaintiffs fail to comply with this order, I will dismiss the case.

6. The court expects the parties to treat each other and the court with respect. Any abusive or threatening comments or conduct may result in sanctions, including entry of judgment against the offending party.

7. It is plaintiffs' obligation to inform the court of any new address. If they fail to do this and defendants or the court cannot locate them, their claims may be dismissed for failure to prosecute.

8. The clerk of court is directed to send plaintiffs copies of this order and the court's non-prisoner complaint form.

Entered November 21, 2024.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge