IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GLEN EVANS and MARY JO EVANS,

Plaintiffs,

v.

CARRINGTON MORTGAGE SERVICES, LLC,

Defendant.

OPINION and ORDER

24-cv-553-jdp

Glen and Mary Jo Evans, proceeding without counsel, bring a variety of claims against their mortgage servicer Carrington Mortgage Services, all based on allegations that Carrington Mortgage Services improperly assigned the Evanses' mortgage without disclosing the assignment to them. The Evanses filed this action two days after Carrington Mortgage Services obtained a judgment of foreclosure against the Evanses in state court. *See* Jefferson County case no. 2024CV62. Carrington Mortgage Services now moves to dismiss the Evanses' amended complaint, contending that the court lacks jurisdiction under the *Rooker-Feldman* doctrine and that the Evanses' claims are barred by the doctrine of claim preclusion. Dkt. 16.

The Evanses' claims are all based in state law. The requirements for diversity jurisdiction under 28 U.S.C. § 1332 are met: the parties are citizens of different states and the amount in controversy is at least $237,971.14, which was the amount of the judgment for foreclosure. Dkt. 18-3, at 3. Nevertheless, I conclude that the court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine because the relief the Evanses seek would effectively nullify the state court judgment for foreclosure. And even if this court had jurisdiction, the court would still dismiss the Evanses' claims under the doctrine of claim preclusion. The motion to dismiss will be granted and this case will be closed.

ANALYSIS

## A. Jurisdiction

Federal district courts do not have jurisdiction to overturn state-court rulings. *Gilbank v. Wood Cnty. Department of Human Services*, 111 F.4th 754, 768 (7th Cir. 2024); *Golden v. Helen Sigman & Associates, Ltd.*, 611 F.3d 356, 361–62 (7th Cir. 2010). This is referred to as the *Rooker-Feldman* doctrine, named after two Supreme Court cases that applied the doctrine. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462. (1983).

In *Gilbank*, the court of appeals held that the *Rooker-Feldman* doctrine generally does not bar courts from deciding claims for damages when a state court issues a non-monetary judgment, even if those claims would imply that a state-court judgment was wrong. 111 F.4th at 792. But the court recognized an exception for damages that would "nullify or modify the [state-court] judgment," citing as an example a plaintiff who received a foreclosure judgment and then sought actual and punitive damages in federal court for alleged legal violations during the foreclosure proceeding. *Id.* at 795. The key question is whether the relief sought in federal court would nullify or overturn the judgment obtained in state court. If it would, then the court lacks jurisdiction.

I conclude that the court lacks jurisdiction over the Evanses' claims under the *Rooker-Feldman* doctrine because the relief the Evanses seek would require this court to nullify or modify the state court judgment for foreclosure. The Evanses' claims center on an assertion that Carrington Mortgage Services failed to disclose key information about the assignment of their mortgage, leading to the wrongful foreclosure of the Evanses' home. Dkt. 4 (amended complaint), at 2–3. The Evanses don't explain in their amended complaint or their opposition

brief exactly what their damages would be if they prevailed on their claims. But the only plausible basis for damages is the amount of the foreclosure judgment, meaning that a judgment in their favor in this court would effectively nullify the state court judgment.

In their opposition brief, the Evanses argue that they "are not seeking to overturn the foreclosure judgment but are challenging Defendant's fraudulent conduct, unconscionable practices, and improper assignment of the note, which occurred prior to and independent of the foreclosure action." Dkt. 20, at 2. This argument is belied by the complaint, which asks for an injunction "to prevent future foreclosure action" and seeks "[q]uieting of title to Plaintiffs' property to remove the cloud caused by improper assignments." Dkt. 1, ¶ 44. And the Evanses' argument would fail even if they were only seeking damages. In determining whether the *Rooker-Feldman* doctrine applies, courts focus on whether the relief sought by the plaintiff would nullify the state court judgment, not on whether the issues in the state court proceeding are the same as those in the federal court proceeding. *Gilbank*, 111 F.4th at 793–94. In this case, the Evanses seek compensation for the financial loss they suffered due to the foreclosure. That form of relief would nullify the state-court judgment, so the court lacks jurisdiction under the *Rooker-Feldman* doctrine.

## B. Claim preclusion

Even if the court had jurisdiction over some of the Evanses' claims, I would dismiss the those claims under the doctrine of claim preclusion. Under the Full Faith and Credit Act, 28 U.S.C. § 1738, I must apply Wisconsin's law on claim preclusion, which bars re-litigation of claims brought in an earlier suit when there is: (1) a final judgment on the merits; (2) identity of the parties or privies; and (3) identity of the claims between the two suits. *See, e.g., In re Dollie's Playhouse, Inc.*, 481 F.3d 998, 1000 (7th Cir. 2007); *Kruckenberg v. Harvey*, 2005 WI 43,

¶ 21, 279 Wis. 2d 520, 694 N.W.2d 879. The first prong is met here because the state court entered a final judgment of foreclosure against the Evanses. The second prong is also met because Carrington Mortgage Services was the plaintiff in the foreclosure action.

For the third prong, Wisconsin applies the transactional approach to analyzing the identity of claims. *Menard, Inc. v. Liteway Lighting Prods.*, 2005 WI 98, ¶ 30, 282 Wis. 2d 582, 698 N.W.2d 738. "All claims arising out of one transaction or factual situation are treated as being part of a single cause of action and they are required to be litigated together." *Id.* This rule applies to some counterclaims as well. Wisconsin has adopted the compulsory counterclaim rule, which bars a subsequent action by a defendant in a previous suit "if 'a favorable judgment in the second action would nullify the judgment in the original action or impair rights established in the initial action.'" *Menard*, 2005 WI 98, ¶ 28 (quoting *A.B.C.G. Enters., Inc. v. First Bank Se., N.A.*, 184 Wis. 2d 465, 515 N.W.2d 904 (1994)).

The foreclosure case and this case both arise from the Evanses' mortgage agreement with Carrington Mortgage Services. The Evanses' current claims all assert that the mortgage agreement is invalid due to Carrington Mortgage Services' alleged improper assignment of the mortgage. The Evanses already raised at least some of these claims in their answer in the foreclosure action. *See Dkt.* 18-2 (alleging fraud and improper assignment of note by Carrington Mortgage Services). But even if the Evanses did not bring the precise claims they bring here, claim preclusion would still apply because the Evanses *should* have brought these claims in the foreclosure action. The foreclosure judgment depends on the validity of the mortgage agreement, so a ruling in the Evanses' favor on any of the claims they bring here would impair Carrington Mortgage Services' rights as established in the foreclosure action.

## C.  New claims

At the end of their brief in opposition to the motion to dismiss, the Evanses assert for the first time that Carrington Mortgage Services violated the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605, by "failing to respond to Qualified Written Requests (QWRs) regarding the mortgage account," and that it violated the Wisconsin Consumer Act, Wis. Stat. § 427.104, by "engag[ing] in unfair and deceptive practices." Dkt. 20, at 4–5. But these new claims have the same jurisdictional problem as their other claims. The Evanses don't explain why their damages for these claims would be anything other than a reversal of the foreclosure judgment, so I conclude that the *Rooker-Feldman* doctrine bars this court from exercising jurisdiction over these claims either.

## ORDER

IT IS ORDERED that:

1.  Defendant Carrington Mortgage Services' motion to dismiss, Dkt. 16, is GRANTED.

2.  This case is DISMISSED for lack of subject-matter jurisdiction.

Entered September 26, 2025.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge